<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALEXANDER A. HARRIS,

    Plaintiff,

    v.

DOCTORS AT THE NEWARK UNIVERSITY HOSPITAL, *et al.*,

    Defendants.

No. 25cv3063 (EP) (MAH)

**OPINION**

**PADIN, District Judge.**

*Pro se* Plaintiff Alexander A. Harris, a convicted but not yet sentenced detainee at Hudson County Correctional Facility ("HCCF") in Kearny, New Jersey, filed this action alleging violations of his constitutional rights[1] to adequate medical care, access to the courts, substantive due process right to privacy in medical records, as well as state law medical malpractice claims and violations of HIPAA.[2] D.E.1 ("Complaint" or "Compl."). Harris also seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). D.E.s 1-1 and 1-2 (collectively, ("IFP Application")).

Harris' IFP Application establishes his financial eligibility to proceed without prepayment of the filing fee. The Court will therefore **GRANT** the IFP application and screen the Complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). However, for the reasons below, the Court will **DISMISS** *without prejudice* the Fourteenth Amendment inadequate medical care and First Amendment access to courts claims for failure to state a claim, **DISMISS** *without prejudice* the New Jersey state law medical malpractice claims for failure to state a claim,

---

[1] 42 U.S.C. § 1983.
[2] HIPAA stands for Health Insurance Portability and Accountability Act. PL 104-91, August 21, 1996, 110 Stat 1936, codified at 42 U.S.C. § 1320d *et seq.*

**DISMISS** *without prejudice* the HIPAA claims for failure to state a claim, permit the Fourteenth Amendment due process claims to **PROCEED**, and provide Plaintiff leave to file an amended complaint.

I.    BACKGROUND

Harris alleges that while in custody at HCCF, he was sent to University Hospital in Newark for treatment. Compl. at 5. He claims that unidentified doctors: (1) performed "several procedures," but denied him surgery; (2) withheld food for five days; and (3) inserted a catheter, causing further harm. *Id.* Harris also alleges that HCCF officials, including Dr. Smycheck,[3] Sharonda Murrell, Michael Dantico, Becky Scott, Oscar Aviles and Edwards[4] ("the HCCF Defendants"), enforced a policy or custom that prevented inmates from directly accessing their medical records and requiring the records be sent to third parties, thereby hindering their ability to identify treating doctors for litigation and violating their rights to medical privacy. *Id.* at 4-5. Harris seeks monetary and injunctive relief. *Id.* at 5-6.

II.   LEGAL STANDARD

District courts are required to review civil complaints filed by prisoners who have been granted IFP status, and *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(b). When reviewing claims for dismissal for failure to state a claim under § 1915(e)(2)(b)(ii), courts apply the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

---

[3] Harris does not state Dr. Smycheck's first name.
[4] Harris does not state Edwards's full name.

2

A complaint must allege facts, not legal conclusions or mere recitation of the elements of a claim, to show the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In sum, courts "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).

Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 340 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (quoting Jonathan D. Rosenbloom, *Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York*, 30 Fordham Urb. L.J. 305, 308 (2002)).

**III.    ANALYSIS**

Harris is a convicted inmate, at the time of the alleged constitutional violations, he had not yet been sentenced. Compl. at 2. Courts generally treat convicted-but-unsentenced individuals as pretrial detainees for constitutional purposes. *See Bistrian v. Levi*, 696 F.3d 352, 373-74, n.8 (3d Cir. 2012), *abrogated on other grounds as recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024) (distinguishing pretrial detainees from sentenced inmates).

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

  A. **Medical Care**

    *1. Fourteenth Amendment Inadequate Medical Care*

In the Third Circuit, Fourteenth Amendment inadequate medical care claims are evaluated under the same standard as Eighth Amendment claims. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003); *see Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees."). To state a claim, the prisoner plaintiff must show that he or she has: "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale*, 318 F.3d at 582.

Harris does not identify his serious medical needs or how any doctor was deliberately indifferent to those needs. *See generally* Compl. He alleges only that he went to University Hospital expecting to have surgery, that surgery was never performed, that he went five days without food, and the use of a catheter caused him harm. *Id.* at 4-5. There is a "well-established rule that mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). Furthermore, medical malpractice does not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Pearson v. Prison Health Servs.*, 850 F.3d 526, 535 (3d Cir. 2017) ("[T]he mere receipt of inadequate medical care does not itself amount to deliberate indifference—the defendant must also act with the requisite state of mind when providing that inadequate care.").

In sum, Harris has not alleged sufficient facts to state a claim against any medical defendant for deliberate indifference to his serious medical need(s). The Court will therefore **DISMISS *without prejudice*** the Fourteenth Amendment inadequate medical care claims against "Doctors at the Newark University Hospital."

Relatedly, Harris identified one medical defendant by name, Dr. Ahmad. Compl. at 1. However, Harris does not allege any facts about Dr. Ahmad's specific involvement in his medical treatment. *Id.* at 5. Thus, the Court will **DISMISS *without prejudice*** the Fourteenth Amendment inadequate medical care claim against Dr. Ahmad as well given Harris's failure to state a claim.

        2.      *New Jersey Medical Malpractice Claims*

Harris asserts negligence/malpractice claims in addition to alleging "cruel and unusual punishment." *Id.* at 5. Malpractice claims arise under state law. *See generally* Negligence and Other Torts, N.J. Stat. Ann. §§ 2A:53A-1 to 2A:53A-61. "In a medical-malpractice action, the plaintiff has the burden of proving the relevant standard of care governing the defendant-doctor, a deviation from that standard, an injury proximately caused by the deviation, and damages suffered from the defendant-doctor's negligence." *Komlodi v. Picciano*, 217 N.J. 387, 409 (2014). "[T]he standard of care generally is not a matter of common knowledge and must be established by experts who typically specialize in a field of medicine similar to that of the defendant-physician." *Id.* at 409-10.

Here, Harris has not alleged any deviation of the relevant standard of care or damages resulting from deviation from the relevant standard of care. The Court will **DISMISS *without prejudice*** Harris' state law medical malpractice claims.

B. **Denial of Access to Medical Records**

1. *First Amendment Access to Courts*

There are two types of First Amendment right of access to courts claims. *Christopher v. Harbury*, 536 U.S. 403, 412-13 (2002). "[T]he first are claims that systemic official action frustrates a plaintiff … in preparing and filing suits at the present time." *Id.* at 413. This is the type of claim Harris raises, alleging the HCCF Defendants' policy or custom of denying inmates access to their medical records prevented him from identifying the medical defendants for this suit. Compl. at 4-5. In "forward-looking" access to courts claims "to remove roadblocks to future litigation, the named plaintiff must identify a nonfrivolous, arguable underlying claim." *Harbury*, 536 U.S. at 415 (cleaned up). "[T]he predicate claim [must] be described well enough to apply the "nonfrivolous" test and to show that the "arguable" nature of the underlying claim is more than hope." *Id.* at 416.

Harris has not adequately alleged his underlying Fourteenth Amendment inadequate medical care claims and state law malpractice claims to apply the nonfrivolous test. Therefore, the Court will **DISMISS** *without prejudice* the First Amendment access to courts claim against the HCCF Defendants.

Moreover, "Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed." *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998) (cleaned up). Harris has identified "Doctors at the University Newark Hospital," but he has not sufficiently alleged the unlawful conduct of each medical defendant to state a Fourteenth Amendment claim by showing deliberate indifference to a serious medical need or the deviation from the relevant standard of care to allege a malpractice claim. If Harris can allege such claim(s) in an amended complaint, he can use the formal discovery process to identify the medical

defendants, and amend his complaint again under Fed. R. Civ. P. 15(c) to identify the defendants by the correct names.

        2.      *Due Process Right to Medical Privacy*

"[T]he Fourteenth Amendment protects an inmate's right to medical privacy, subject to legitimate penological interests." *Doe v. Delie*, 257 F.3d 309, 311 (3d Cir. 2001). "[T]he constitutional right to privacy in one's medical information exists in prison." *Id.* at 317. "[A]n inmate's constitutional right may be curtailed by a policy or regulation that is shown to be 'reasonably related to legitimate penological interests.'" *Id.* at 317 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Harris alleges the HCCF Defendants have a policy or custom of refusing inmates direct access to their medical records to prevent them from suing medical defendants and permitting medical record access only through third parties. Although it may ultimately be shown that the policy is reasonably related to a legitimate penological interest, and thus not in violation of the Due Process Clause, the Fourteenth Amendment due process right to medical privacy claim may **PROCEED** against the HCCF Defendants.[5]

        3.      *HIPAA*

Harris also seeks to hold the HCCF Defendants liable for violating HIPAA because he was denied access to his medical records and forced to send the records to third parties. Compl. at 4. However, there is no private right of action for a HIPAA violation. *Hatfield v. Berube*, 714 F. App'x 99, 105 (3d Cir. 2017) (per curiam); *Mod. Orthopaedics of New Jersey v. Horizon*

---

[5] The Court liberally construes the Complaint to allege each of the HCCF Defendants enforced this policy against Harris to deny his direct access to his medical records.

7

*Healthcare Servs., Inc.*, No. 21-20174, 2022 WL 3211417, at *4 (D.N.J. Aug. 8, 2022) (collecting cases). Therefore, the Court will **DISMISS** *without prejudice* Harris' HIPAA claim(s).[6]

IV. **CONCLUSION**

For the reasons stated above, the Court will: (1) **GRANT** Harris' IFP Application; (2) **DISMISS** *without prejudice* the Fourteenth Amendment inadequate medical care claims and New Jersey state law medical malpractice claims against the Doctors at Newark University Hospital and Dr. Ahmad for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b)(ii); (3) **DISMISS** *without prejudice* the First Amendment access to courts claims against the HCCF Defendants for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b)(ii); (4) allow the Fourteenth Amendment due process right to medical privacy claims against the HCCF Defendants to **PROCEED**; and (5) **DISMISS** *without prejudice* the HIPAA claims against the HCCF Defendants for failure to state a claim. The Court will also provide Plaintiff with **45 days** to amend his complaint with respect to the claims that were dismissed without prejudice. An appropriate Order accompanies this Opinion.

Dated: June 17, 2025

*[signature]*
Evelyn Padin, U.S.D.J.

---

[6] The Court notes, however, that Harris may bring a claim for declaratory and injunctive relief that a state law or regulation regarding his access to, or privacy interest in his medical records may be preempted by HIPAA. *See, e.g., Murphy v. Dulay*, 768 F.3d 1360, 1377 (11th Cir. 2014) (holding Florida statute was not preempted by HIPAA); *St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Gov't of U.S. Virgin Islands*, 218 F.3d 232, 238 (3d Cir. 2000) (asserting preemption of state law by the National Labor Relations Act); *Rodriguez v. City of New Brunswick*, No. 12-4722, 2017 WL 5598217, at *4-5 (D.N.J. Nov. 21, 2017) (discussing HIPAA's preemption provision).